## CORNELIUS ROOSEVELT *versus* SAMUEL GANTT
### January 23, 1841.

G. W. Wisner, attorney for plaintiff.
A. H. Hanscome, attorney for defendant.

[INDORSEMENT]

Sup. Court 4th Circuit

Jan<sup>y</sup> 1841.
Pontiac—

Rosevelt
vs.
Gantt

Qu. reserved
Oakland Circuit.

Mem° of *Opinion*

66

[OPINION]

Sup. Court 4th Circuit Jany T. 1841.

Cornelius Rosevelt
      vs.
Saml N. Gantt

---

This case comes before this court on a question reserved and certified by Hon. C. W. Whipple the Presiding Judge of the Oakland Circuit Court.

The Plff sued the Deft below in an action on the case for a libel.

The publication charged the Plff and 3 others with having robbed the ballot box, and taking therefrom ballots for Isaac. E. Crary, and putting in other ballots for Hez. Wells, at the Special election for Member of Congress, in the Town of Pontiac.

The publication further stated that Plff was clerk at the Polls and kept the ballot box on the night after the first days ballotting, and charged that the robbery was committed at that time. It further stated that most of the principal persons in Pontiac believed that Plff and the others had committed the robbery. The Publication was signed by Benj. Irish—The Deft was charged with having put the papers in circulation—

The Deft pleaded only the general issue.

After the Plff had rested his case, Deft called a Mr Henderson to prove that 200 persons had made affidts before a Justice that they voted for Crary, (then having only 157 ballots found for him on the canvass) and that this fact was known to the Deft before his publication of the libel—for the purpose of mitigating the damages—To this evid. the Plffs counsel objected, as inadmissable—The court below rejected the evid. and the only question made here is whether that rejection was proper.

We are of the opinion that the evidence was properly rejected—The facts offered to be proved by the witness furnish no excuse or palliation to the Deft, for having charged the Plff with the robbery—The proposed evid. does not connect the Plff with the robbery, and if the Deft will from such facts select out the Plff as the person who committed the alleged offence, he is certainly without excuse, so far as his knowledge of these facts is concerned. It is stated in the publication that the Plff had charge of the ballot box as clerk, the night on which it was alleged that it had been robbed, and what reason has the Deft to charge Plff with being the robber, merely because 200 men swear that they voted for Crary.

The Plff lawfully had a lawful custody of the ballot box, during the time, and the proposed evid. lays no foundation for a charge upon him.

The utmost latitude which has been allowed under the most liberal rule as to mitigation in slander or libel, never has been carried to the extent here contended for. The report current or information of the Deft respecting the guilt of the party slandered, has been allowed in mitigation, because there is a reasonable ground upon which the Deft may urge his excuse by way of rebutting the presumption of malice, and it has been properly submitted to the jury in such cases, to say how far the Deft in making the charge has acted *bona fide* upon such report or information—

But in this case the information of the Deft that a greater number of persons had sworn that they had voted for Crary, than there were ballots found for that candidate, has no bearing whatever upon the fact that the Plff committed the robbery—nor can I perceive how the evid. if it had been rec[d] could have warranted the jury in presuming an absence of malice.

The charge was not that somebody had robbed the ballot

box—the evid. offered might have been a reasonable ground to suppose that the box had been robbed—but it does not warrant the Deft in fixing it upon the Plff.

Upon such information, if the Deft will of his own accord charge the act of [to] the Plff he must justify or abide the result—

It is the opinion of this Court that the evid. was properly rejected—and it is ordered that this opinion be certified [to] the Circuit Court.

The above was the substance of the opinion—

On looking over the case after argument Judge Whipple stated that some material facts had been omitted in making up the case, which he thought might have a material bearing upon the question submitted—

After I had given the opinion of the Court he assented [to] it as the case was made—